## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRUNO K. MPOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-cv-03027 (BAH) |
| | ) | |
| JOHN BURST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Bruno K. Mpoy, proceeding *pro se* and *in forma pauperis*, sued defendants John Burst and Donielle Powe, both D.C. Public Schools ("DCPS") officials, and the Mayor of the District of Columbia, Muriel Bowser, seeking damages and a declaratory judgment. *See* Compl. ¶¶ 28–32; *ad damnum* clause, ECF No. 1. Pending before the Court are four motions: (1) defendants' motion to dismiss this case, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defs.' Mot. to Dismiss ("Defs.' MTD"), at 1, 3, ECF No. 4; (2) plaintiff's motion for leave to amend his complaint, Pl.'s Mot. to Amend ("Pl.'s MTA"), ECF No. 10, attaching the proposed amended complaint, First Amended Compl. ("Am. Compl."), ECF No. 10-1; and (3) plaintiff's motion to appoint counsel, Pl.'s Mot. to App't Counsel ("Pl's MTAC"), ECF No. 20, with an accompanying sealed motion for leave to file a medical record under seal, Pl.'s Sealed Mot. for Leave to File Under Seal ("Pl.'s MTS [SEALED]"), ECF No. 21.

For the reasons discussed below, defendants' motion to dismiss is granted, plaintiff's motion for leave to amend is denied, plaintiff's motion to appoint counsel is denied as moot, and plaintiff's sealed motion to file under seal is granted.

1

## I.      BACKGROUND

Plaintiff, a former special education teacher with DCPS, alleges that during the 2020-21 academic year, he was asked, but refused, "to participate in conduct that harmed special education children," Compl. ¶¶ 10–11, namely, the "falsification of special education students' academic achievement and performance [reports], denial of Individualized Education Program (IEP) mandated accommodations, and the failure to provide IEP [Individualized Education Program] required hours of specialized instruction and modified lessons[,]" *id.* ¶ 11.  He contends that "various staff and faculty members under the supervision of John Burst directed" him to commit these acts, *id.* ¶ 9, in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*., *see id.* ¶¶ 1–4, 11–12, 35.  According to plaintiff, he sent Burst, his direct supervisor, several emails highlighting "a great number of violations of IDEA he witnessed by various staff and faculty members," *see id.* ¶¶ 13, 28, and Burst then forwarded these "protected disclosures" to the staff at the central office of DCPS, where Donielle Powe serves as the "deputy chief for the labor and management division of the DCPS Office of Human Resources[,]" *see id.* ¶¶ 15, 30.

On August 26, 2021, plaintiff, through the Washington Teachers Union, filed a formal grievance with DCPS Office of Human Resources ("OHR").  *See id.* ¶¶ 30, 84.  The next day, plaintiff received an indefinite suspension without pay, *see id.* ¶¶ 7–8, 142, "initiated by Burst and processed by Powe[,]" *id.* ¶ 31, "without any procedural due process[,]" thus allegedly depriving him of his right to property, *see id.* ¶¶ 7–8, 16, 22, 41, 77, 83, 93, 98, 136, 173.  More specifically, plaintiff asserts that neither Burst nor Powe provided him with prior notice of, or the basis for, his suspension, *see id.* ¶¶ 52, 56, 95, nor did they permit him to be "heard on the merits[,]" *see* Pl.'s Opp'n at 8.  He contends that these pre-suspension omissions contravened his

constitutional rights and the requirements of the District of Columbia Comprehensive Merit Protection Act ("CMPA"), D.C. Code 1–601.01 *et seq.*, and the D.C. Municipal Regulations, subtitle 6-B, §§ 1612.3, 1612.4, 1612.6, 1618.2, 1620.2, 1621.1, among others. *See* Compl. ¶¶ 16–22, 34–36, 38–52, 57–60, 69; Compl. App'x A; Pl.'s Opp'n at 3–8. Plaintiff also alleges that Mayor Bowser, as "the head of DCPS," is ultimately responsible for the alleged unlawful "final decision" to suspend him indefinitely without notice or an opportunity to be heard. *See* Compl. ¶¶ 29–32, 55.

Plaintiff asserts the following six claims: deprivation of his procedural due process rights under 42 U.S.C. § 1983, as guaranteed by the Fifth Amendment and the CMPA, *see id.* ¶¶ 20, 36, 66, 79, 94, 139, 161–65 (Claim 1); violations of the D.C. Whistleblower Protection Act ("DCWPA"), D.C. Code § 1–615.51 *et seq.*, *see* Compl. ¶¶ 70–73, 166–77 (Claims 2 and 3); violations of the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2–1401.01 *et seq.*, *see* Compl. ¶¶ 66–68, 176–181 (Claim 4); and common law defamation and "intentional and willful negligence[,]" *see id.* ¶¶ 182–95 (Claims 5 and 6).

Notably, plaintiff, proceeding *pro se*, had already filed a nearly identical case in this Court, *see Mpoy v. Dist. of Columbia, et al.*, No. 22-cv-02501 (BAH) (filed Aug. 22, 2022) ("*Mpoy I*"), against the same defendants, save for swapping the District of Columbia with its Mayor, *compare generally Mpoy I*, at Complaint, ECF No. 1, *with* Compl. *Mpoy I* was dismissed without prejudice for failure to state a claim. *See Mpoy v. Dist. of Columbia*, 2023 WL 5846679, at *1–4 (D.D.C. Sept. 11, 2023) (granting defendants' motion to dismiss pursuant to Rule 12(b)(6)). Plaintiff's federal claims were dismissed largely due to his failure to exhaust administrative remedies, including those available under the CMPA, *see id.* at *3–4, and the Court then declined to exercise supplemental jurisdiction over his remaining state law claims, *see id.* at *4. Just two months later,

plaintiff, again, proceeding *pro se*, filed the instant case as a new matter, without noting any related case in Section VIII on the civil cover sheet completed by plaintiff. *See* Civil Cover Sheet, ECF No. 1-1.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 572 U.S. 744, 757–58 (2014) (citation omitted). A claim is facially plausible when the plaintiff pleads factual content that is more than " 'merely consistent with' a defendant's liability" and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) ("Plausibility requires more than a sheer possibility that a defendant has acted unlawfully.") (citation omitted).

In deciding a motion under Rule 12(b)(6), the plaintiff bears the burden of showing that the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Zukerman v. U.S. Postal Serv.*, 961 F.3d 431, 441 (D.C. Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678), and a court is required to construe all reasonable inferences in the plaintiff's favor, *Twombly*, 550 U.S. at 555. A court, however, does not "accept inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (per curiam) (alterations in original accepted and citation omitted), *cert. denied*, 581 U.S. 994 (2017); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). In determining whether a complaint fails to state a claim, a court may

consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alterations in original accepted and citation omitted).

## III.   DISCUSSION

Defendants argue that plaintiff's due process claims (Claim 1) are barred by *res judicata*, requiring dismissal for failure to state a claim, *see* Defs.' MTD at 5–6, including plaintiff's official capacity claims, which are equivalent to plaintiff's prior suit against the District and likewise barred, *see id*. at 4.  In addition, defendants argue that no supplemental jurisdiction over plaintiff's state law claims should be asserted here, as this Court previously decided in *Mpoy I*. *See id.* at 6–7. [1] For the reasons explained below, plaintiff's due process claims are, again, dismissed for failure to exhaust administrative remedies under the CMPA and the Court, again, declines to exercise supplemental jurisdiction over his remaining state law claims.

### A.  Plaintiff's Federal Due Process Claims are Precluded by the CMPA

Defendants argue that *res judicata* bars plaintiff's due process claims, based on the Court's decision in *Mpoy I*.  *See id*. at 5–6.  Yet, the complaint in *Mpoy I* was dismissed without prejudice pursuant to Rule 12(b)(6), *Mpoy*, 2023 WL 5846679, at *4, due to the insufficiency of plaintiff's pleading and no judgment on the merits was issued.  *See id.*; *see also Ciralsky v. C.I.A.*, 355 F.3d 661 (D.C. Cir. 2004) ("[C]ourts often regard the dismissal without prejudice of a *complaint* [pursuant to Rule 12(b)(6)] as not final, and thus not appealable under 28 U.S.C. §

---

[1]     Defendants' alternative arguments predicated on local statutes of limitations, *see* Defs.' MTD at 7, and failure to state a claim under District law, *see id.* at 8, need not be addressed given that dismissal is based on other grounds.

1291[.]”) (emphasis in original) (citations and internal citation marks omitted); *Osborn v. Visa Inc.*, 797 F.3d 1057, 1062 (D.C. Cir. 2015) ("The principle guiding a dismissal without prejudice is that absent futility or special circumstances (such as undue delay, bad faith, or dilatory motive), a plaintiff should have the opportunity to replead so that claims will be decided on merits rather than technicalities."). Consequently, *res judicata* is inapplicable.  *See Perez v. Kipp DC Supporting Corp.*, 70 F.4th 570, 572 (D.C. Cir. 2023) ("To sum up, a " '[d]ismissal . . . without prejudice' is a dismissal that does not 'operate as an adjudication upon the merits' . . . and thus does not have a *res judicata* effect.") (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (citation omitted) (quoting Fed. R. Civ. P. 41(a)(1))); *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (finding that claim preclusion applies only if there is, *inter alia*, a final, valid judgment on the merits); *see also Allen v. McCurry*, 449 U.S. 90, 95 (1980) (holding that issue preclusion is also inapplicable unless the plaintiff had "a 'full and fair opportunity' to litigate [the] issue in the earlier case.") (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).  Nevertheless, while plaintiff's due process claims are not yet forever precluded, they must be dismissed because plaintiff has *still* failed to exhaust his remedies under the CMPA, thus failing to correct the defects identified in *Mpoy I.* [2]

As previously explained, in *Mpoy I*, although "due process requires the government to provide adequate notice and a meaningful opportunity to be heard[,]" *Mpoy,* 2023 WL 5846679, at *3 (citing *Matthews v. Eldridge*, 424 U.S. 319, 348–49 (1976)), the Supreme Court has

---

[2]    Plaintiff is forewarned that future repeated filings of this lawsuit may result in dismissal with prejudice.  *See Caldwell v. Kagan*, 865 F. Supp. 2d 35, 44–45 (D.D.C. 2012) (holding that, where a plaintiff elects "to simply recycle his previous claims" into a slightly altered version of his previous complaint, the claims become frivolous and may be dismissed with prejudice), *aff'd*, No. 12–5298, 2013 WL 1733710 (D.C. Cir. Mar. 22, 2013) (per curiam).

advised that "due process 'is flexible and calls for such procedural protections as the particular situation demands[,]' " *id*. (quoting *Gilbert v. Homar*, 520 U.S. 924, 930 (1997)).  The Supreme Court's holding in *Gilbert* makes clear that "that the right to a "a pre-suspension hearing is not absolute," and a prompt post-suspension hearing generally satisfies constitutional due process. *Id.* (quoting *Gilbert*, 520 U.S. at 932).  Plaintiff failed to allege sufficiently any due process violation because his grievance remained pending with OHR and he would "be heard on his suspension under the [CMPA] which 'statutorily covers the majority of conflicts arising out of employment relationships with the District[.]' " *Id.* (quoting *Owens v. Dist. of Columbia*, 923 F. Supp. 2d 241, 248 (D.D.C. 2013), *aff'd*, 606 Fed. Appx. 585 (D.C. Cir. 2015) (per curiam); citing D.C. Code §§ 1–616.51; 1–616.52; 1–616.53; 1–623.01 *et seq*.).  In other words, plaintiff could not circumvent the CMPA by raising related federal claims in this Court.  *See id*. (quoting *McManus v. Dist. of Columbia*, 530 F. Supp. 2d 46, 79 (D.D.C. 2007) ("Plaintiffs cannot dress their CMPA claims up in federal garb to secure federal court jurisdiction.")).

Indeed, as discussed, *see id.*, the CMPA is "intended to provide District employees with their *exclusive* remedies for claims arising out of employer conduct in handling personnel ratings, employee grievances, and adverse actions[,]" *Johnson v. Dist. of Columbia*, 552 F.3d 806, 810 (D.C. Cir. 2008) (emphasis in original) (citations and internal quotation marks omitted), including "[a]llegations that District officials failed to comply with the procedural requirements for adverse actions against employees, such as the requirement of timely notice[,]" *Washington v. Dist. of Columbia*, 538 F. Supp. 2d 269, 278 (D.D.C. 2008) (dismissing, pursuant to Rule 12(b)(6), the plaintiffs' constitutional due process claims against their superiors for allegedly failing to provide sufficient and timely written notice before the plaintiffs were summarily terminated).

That rationale still applies here.  Plaintiff's grievance remains pending. *See* Compl. ¶ 68; Pl.'s Opp'n at 11; Pl.'s Mot. for Ord. to Show Cause, at 8–9, ECF No. 8.[3] His due process claims are, consequently, statutorily preempted by the CMPA and shall be dismissed. *See Mpoy*, 2023 WL 5846679, at *3; *see also Payne v. Dist. of Columbia*, 592 F. Supp. 2d 29, 35 (D.D.C. 2008) (finding that "courts in this district have repeatedly dismissed claims that have not been . . . pursued under the CMPA[.]").

Merely targeting a slightly different combination of defendants, as plaintiff attempts in the instant suit, does not alter the conclusions reached in *Mpoy I*.  *See Owens*, 923 F. Supp. 2d at 248 ("Simply presenting a constitutional claim is insufficient to exempt plaintiffs from complying with the CMPA procedure."); *McManus*, 530 F. Supp. 2d at 79 ("Plaintiffs . . . cannot use a constitutional hook to reel their CMPA-precluded claims into this Court.").  Where, as here, an alleged constitutional violation is intertwined with an alleged statutory violation, the local legislature's preferred scheme for resolution is entitled to deference. *See Nat'l Treasury Employees Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992) ("when the statutory and constitutional claims are premised on the same facts and the administrative process [is] fully capable of granting full relief, exhaustion is required.") (internal quotations and citations

---

[3]      Even if plaintiff's grievance was resolved by OHR, he would still be foreclosed from relief in this Court.  Under the CMPA, aggrieved employees may appeal a final adverse agency decision to the Office of Employee Appeals—or, where applicable under a union contract, to either the Public Employee Relations Board or by and through any exclusive procedures set forth in a collective bargaining agreement. *See Cohen v. Bd. of Trustees of the Univ. of the Dist. of Columbia*, 311 F. Supp. 3d 242, 249 (D.D.C. 2018) (quoting *D.C. v. Thompson*, 593 A.2d 621, 633 (D.C. 1991), *cert. denied sub. nom. Thompson v. Dist. of Columbia*, 502 U.S. 942 (1991)); *see also* D.C. Code §§ 1–605.02(6); 1–616.52.  Thereafter, an employee may seek judicial review, first with the D.C. Superior Court, and then with the D.C. Court of Appeals—not in federal court.  *See Sharma v. Dist. of Columbia*, 791 F. Supp. 2d 207, 215 (D.D.C. 2011); *McManus*, 530 F. Supp. 2d at 77–78 (same); *see also* D.C. Code §§ 1–606.03(d), 17–303.

omitted); *see also Lawrence v. District of Columbia*, Civil Action No. 18-00595 (ABJ), 2019 U.S. Dist. LEXIS 37501, at *14 (D.D.C. Mar. 8, 2019) (dismissing due process claim as preempted by the CMPA, explaining that "plaintiff cannot allege a constitutional violation to establish jurisdiction"); *Owens*, 923 F. Supp. 2d at 248 ("constitutional claims, despite their federal nature, fall within the CMPA jurisdiction when they are essentially state law claims that the plaintiffs construed in a constitutional light so as to seek federal court jurisdiction."); *Hoey v. Dist. of Columbia*, 540 F. Supp. 2d 218, 227–29 (D.D.C. 2008) (dismissing § 1983 claim, pursuant to Rule 12(b)(6), because the CMPA provided remedy for the plaintiff's claim that he was deprived of his constitutionally-protected property interest in his employment without due process); *McManus*, 530 F. Supp. 2d at 79 (finding that plaintiff cannot use a constitutional hook to "reel [his] CMPA-precluded claims into this Court").

Plaintiff suggests that substituting the District with its Mayor in her official capacity somehow rescues his federal claims, but he fails to provide a single persuasive reason why this distinction without difference matters. *See* Compl. at caption; *id.* ¶¶ 32, 65–74; Pl.'s Opp'n at 8–9. As noted by defendants, *see* Defs.' MTD at 4, "a suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself[,]" *Atchison v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). In response, plaintiff argues that he sued "'Muriel Bowser for the District of Columbia' instead of the naked District of Columbia . . . to avoid any frivolous argument that the District of Columbia is sued pursuant to 42 U.S. Code § 1983." *See* Pl.'s Opp'n at 9. He clarifies that he does not allege "that Muriel Bowser acted or failed to act . . . [because] Muriel Bowser is not a defendant and [ ] no allegation of any kind is made against her in her official or personal capacity." *Id.* Thus, even if plaintiff could overcome the hurdles of the CMPA, he has admitted that he does not allege any wrongful act or

omission by the Mayor, undercutting his argument that adding the Mayor as a defendant should result in a different outcome than *Mpoy I.*

Plaintiff's citation to D.C. Code § 2–1403.03, *see* Compl. ¶¶ 32, 67–68, 183, is also unpersuasive. The cited section provides that "a person claiming to be aggrieved by an unlawful discriminatory practice on the part of District government agencies, officials, or employees may elect to file an administrative complaint under the rules of procedure established by the Mayor under this section or a civil action in a court of competent jurisdiction under § 2-1403.16[,]" D.C. Code § 2–1403.03(b).  Plaintiff does not explain his reliance on § 2-1403.03, and this statute is of no help to him. Nothing in that statute allows him to sidestep the CMPA's requirements precluding his due process claims.

Without a viable due process claim, the Court again declines to exercise supplemental jurisdiction over any of plaintiff's other assorted common law tort and local statutory claims, for the reasons previously expressed. *See Mpoy*, 2023 WL 5846679, at *4 (declining to exercise supplemental jurisdiction over plaintiff's state and common-law claims because (1) they had yet to be considered in this District, (2) "parsing claims under the CMPA and tort claim procedures is a task with which the local courts are more familiar[,]" (3) the convenience of the forums was equal, and (4) "principles of comity and fairness point in favor of allowing the non-federal claims to be pursued, if the plaintiff chooses, in the local court system on a factually developed record.") (citing *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005), *cert. denied*, 546 U.S. 1173)). [4]

---

[4]      Notably, many of plaintiff's common law tort claims are also redressable, and therefore precluded, under the CMPA and thus exercising supplemental jurisdiction over these unexhausted claims would likewise be precluded.  *See, e.g., Evans v. Dist. of Columbia*, 391 F. Supp. 2d 160, 170 n.5 (D.D.C. 2005) (citing cases and noting that "work-related complaints

Therefore, defendants' motion to dismiss is granted and the complaint is again dismissed without prejudice.

**B.**   **Plaintiff's Motion for Leave to Amend Complaint**

Plaintiff sought to amend the complaint 34 days after defendants filed the pending motion to dismiss, *see generally* Pl.'s MTA, and thus leave is required for this proposed amendment, *see* Fed. R. Civ. P. (a)(1)(B), (a)(2).   Federal Rule 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) (explaining that Rule 15 "is to be construed liberally"). Such leave to amend, however, should not be granted when, as here, amendment would be futile.  *See Richardson v. U.S.*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff's proposed amended complaint contains three primary alterations to the original complaint.  *See* Pl.'s MTA at 1–2.  First, plaintiff seeks to clarify his basis for naming the Mayor as a defendant.  *See id.*; Am. Compl. ¶ 31.  In addition to his existing arguments, *see* Pl.'s Opp'n at 9, he emphasizes that he has hypothetically stated a claim against the Mayor because, under D.C. Code § 38–171(a), she is vested with authority over DCPS and its "personnel," *see* Pl.'s

---

generally are held to include common-law tort claims against the employee's supervisors" under the CMPA and that "the only exception is for torts based on a claim of sexual harassment, which initially may be filed in the Superior Court"); *Lucas v. Dist. of Columbia*, 133 F. Supp. 3d 176, 184 (D.D.C. 2015) (finding that work-related negligence claims "generally fall within the gamut of the CMPA"); *Cohen*, 311 F. Supp. 3d at 249 (finding that "negligence, and intentional infliction of emotional distress are preempted" by the CMPA); *Hoey*, 540 F. Supp. 2d at 229 (finding that CMPA precludes litigation of emotional distress and defamation claims) (collecting cases); *Lewis v. Gov't of the Dist. of Columbia*, 161 F. Supp. 3d 15, 35–36 (D.D.C. 2015) (same); *Johnson v. Dist. of Columbia*, 368 F. Supp. 2d 30, 46–48 (D.D.C. 2005) (same), *aff'd*, 552 F.3d 806 (D.C. Cir. 2008); *Holman v. Williams*, 436 F. Supp. 2d 68, 74 (D.D.C. 2006) (finding that "the plaintiff's claims of false light, defamation, and intentional infliction of emotional distress [were] preempted" by the CMPA).

MTA at 1–2; Am. Compl. ¶ 31.  The D.C. Code provision cited does not hold the Mayor

responsible for all personnel determinations, *see* under D.C. Code § 38–171(a), and, in any

event, the reasoning cannot be squared with plaintiff's disclaimers of any intent to sue the Mayor

in any capacity, despite having named her.  *See* Am. Compl. at caption.

Plaintiff also cites D.C. Code § 2–401, requiring the Mayor to be served with process in

lawsuits filed against the District, *see id.* ¶ 31; Pl.'s MTA at 1.  This service requirement simply

does not require plaintiff to *name* the Mayor as a defendant to this lawsuit, however. Moreover,

plaintiff disclaims his interest in suing the District.  *See* Am. Compl. ¶ 31.  At any rate, these

arguments are circular and fail to resolve any of the defects giving rise to dismissal.

Second, plaintiff seeks to add a "substantive due process" claim.  *See* Am. Compl. ¶¶ 6–

7, 15, 17–21, 33–35, 37–39, 65, 67, 74–78, 82–89, 91–92, 94–95, 96, 98, 155, 160–62, 171, 182.

No new factual allegations are presented to support this new claim, which instead consists of

adding the phrase "substantive due process" to his existing procedural due process allegations.

*See id*.  A complaint's "allegations must be enough to raise a right to relief above the speculative

level," *Twombly*, 550 U.S. at 555 (citations omitted), and the Court cannot accept "'legal

conclusions cast in the form of factual allegations' because a complaint needs some information

about the circumstances giving rise to the claims[,]"*Aktieselskabet AF 21. Nov.2001 v. Fame

Jeans, Inc*., 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (quoting *Kowal v. MCI Commc'ns Corp*., 16

F.3d 1271, 1276 (D.C. Cir. 1994)).  Here, the allegations supporting the intended substantive due

process claims are less than boilerplate.

Even if plaintiff's proposed substantive due process claims were cognizable, and to the

extent that the CMPA fails to address them, they would still fail to survive. To state a due

process claim, a plaintiff must invoke a fundamental right "objectively, deeply rooted in this

Nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Abigail All. for Better Access to Develp. Drugs v. von Eschenbach*, 495 F.3d 695, 702 (D.C. Cir. 2007) (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)), *cert. denied sub. nom. Abigail Alliance for Better Access to Developmental Drugs v. Eschenbach*, 552 U.S. 1159 (2008).  Significant here, "[c]ourts have consistently held that 'there is no fundamental right to government employment[.]' " *McManus*, 530 F. Supp. 2d at 71 (quoting *United Bldg. & Constr. Trades Council v. Mayor & Council of City of Camden*, 465 U.S. 208, 219 (1984); citing *Am. Federation of Gov't Employees, AFL–CIO v. United States*, 330 F.3d 513, 523 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1088 (2003)).  As a result, plaintiff's indefinite suspension cannot form the basis of a substantive due process claim. *See id.*; *Kelley v. Dist. of Columbia*, 893 F. Supp. 2d 115, 122–23 (D.D.C. 2012) (same); *Sanders v. Dist. of Columbia*, 522 F. Supp. 2d 83, 91–92 (D.D.C. 2007) (same).

Additionally, the D.C. Circuit has further explained that "the concept of substantive due process, itself oxymoronic, [applies] to actions that in their totality are genuinely drastic . . . [U]nless the victim of government imposition has pushed its local remedies to the hilt, it ordinarily will not be able to show the necessary substantiality." *Tri Cnty. Indus., Inc. v. Dist. of Columbia*, 104 F.3d 455, 459 (D.C. Cir. 1997) (internal citation omitted).  As already discussed, plaintiff has not exhausted his local remedies.

Third, plaintiff proposes removing "intentional and willful" from his negligence claim. *See* Pl.'s MTA at 2; Am. Compl. at 40–41.  This proposed amendment does not alter the basis for dismissing plaintiff's federal claims, and because the Court declines to exercise supplemental jurisdiction over his state law claims, this proposed amendment is irrelevant.

For all of these reasons, plaintiff's proposed amendments are futile; therefore, plaintiff's motion for leave to amend the complaint is denied. *See Richardson*, 193 F.3d at 548–49.

### C. **Plaintiff's Motion to Appoint Counsel & Sealed Motion for Leave to File Record Under Seal**

Given the dismissal of this case, plaintiff's motion to appoint counsel is denied as moot. In support of that motion, plaintiff also filed a sealed motion to file under seal, *see* Pl.'s MTS [SEALED] at 1, an attached record, ECF No. 21-2 [SEALED], containing a medical diagnosis and referral, *see id*. Defendants oppose the sealed motion to file under seal because plaintiff failed to comply with D.C. Local Rule 7(m), and failed to serve them with a copy of the medical record at issue, also currently restricted to defendants' review on the docket. *See* Defs.' Opposition to Pl.'s MTS [SEALED], ECF No. 23, at 1. [5] Despite plaintiff's procedural failures, and the denial of his related motion to appoint counsel, the medical record will nonetheless be sealed.

In assessing plaintiff's sealed motion to file under seal, the Court considers six primary factors, identified by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), including: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure,

---

[5]     Indeed, plaintiff failed to comply with D.C. LCvR 7(m) before filing any of the pending non-dispositive motions. *See generally* Pl.'s MTA; Pl.'s MTAC; Pl.'s MTS [SEALED]. Despite warning, plaintiff has now repeatedly failed to comply with D.C. LCvR 7(m), *see* Minute Order (dated 2/20/2024), and other Court rules and orders, *see id.*; *see also* Order, at 3–4, 7–8, ECF No. 9. Although a *pro se* plaintiff is afforded some latitude in prosecuting his case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *See Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). Additional failures to comply with local rules may result in sanctions, should plaintiff proceed in this Court in the future. *See id*.

and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317–22).

Relevant here, "individuals generally have a strong interest in keeping their medical treatments and diagnoses private[,]" *Abdelhady v. GW Univ.*, 89 F.4th 955, 957 (D.C. Cir. 2024) (collecting cases), constituting a "value of 'high order[,]' " *see id.* (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009)).  Here, the public has little to no interest in plaintiff's private medical record, submitted for the limited purpose of supporting his request for appointment of counsel, not in an operative pleading or dispositive motion.  *See Hardaway v. Dist. of Columbia Hous. Auth.*, 843 F.3d 973, 980–81 (D.C. Cir. 2016) (reversing the district court's denial of a motion to seal the plaintiff's medical records because the public had no need interest in the non-dispositive documents describing his medical diagnoses).

Plaintiff has articulated no reason why his sealed motion to file under seal and his medical record must be maintained *ex parte*.  *See United States ex rel. Kammarayil v. Sterling Ops., Inc.*, No. 15-1699, 2018 WL 6839747, at *5–7 (D.D.C. Dec. 31, 2018) (applying the *Hubbard* framework to evaluate whether documents should be sealed from other parties to the litigation).  Without a compelling reason, restricting defendants' access to these submissions would contravene the effective functioning of the adversarial system. *See Lykins v. U.S. Dep't of Justice*, 725 F.2d 1455, 1465 (D.C. Cir. 1984).  Therefore, although the sealed motion to file under seal and the accompanying record will remain sealed from the public, defendants will be afforded access to those documents.

IV.      **CONCLUSION**

For all the reasons discussed above, it is defendants' motion to dismiss is GRANTED and the complaint is DISMISSED without prejudice.  Plaintiff's motion for leave to amend is DENIED, plaintiff's sealed motion for leave to file under seal is GRANTED, and plaintiff's motion to appoint counsel is DENIED as moot.  A separate order accompanies this memorandum opinion.

/s/_____

BERYL A. HOWELL

Date:   July 16, 2024                                             United States District Judge